ALBANY,
January, 1816.

HOYT *against* GELSTON AND SCHENCK.

HOYT
v.
GELSTON.

*H. BLEECKER*, for the defendants, moved to set aside the verdict taken in this cause, at the last *November* sittings, in *New-York*, on the ground of irregularity. (See the next cause.)

In *June*, 1815, the defendants filed their bill in the court of chancery against the plaintiff, for a discovery, and for an injunction to stay the suit at law; and having deposited 100 dollars with the assistant register, one of the masters, on the 5th of *June*, allowed the writ of injunction, which was, accordingly, issued, in the usual form, to the plaintiff, his counsel, attorneys, solicitors, and agents. By the 41st rule of the court of chancery, of the 7th of *June*, 1806, no injunction to stay proceedings at law could issue, but by the certificate of certain masters, specially designated by the chancellor for that purpose; and unless the party obtaining it applied to the chancellor, within six weeks after, for an order to continue the injunction, it was dissolved, of course. But by the rule of *June* 24th, 1814, (75th,) the former rule, in this respect, was repealed, and the defendant was allowed, at any time, as well before as after answer, on due notice, and upon the matter of the bill only, to move the chancellor for a dissolution of the injunction; so that an injunction issued by a master remains in full force and effect until dissolved by the chancellor, on motion for that purpose.

On the 12th of *October*, 1815, a motion was made to dissolve the injunction, and an order for its dissolution was made by the chancellor; and, on the 26th of *October*, the defendants in this cause deposited 100 dollars with the assistant register, and entered their *appeal* from the order of the chancellor. A few days before receiving notice of the appeal, the plaintiff had given notice of trial of the cause at the *November* sittings; and when the cause was called on for trial, the counsel for the defendants objected to the court's proceeding to trial, on the ground that as the order for dissolving the injunction was appealed from, the injunction must be considered as still operative, and the proceeding, afterwards, by the plaintiff, and his attorney, was a contempt; but the judge ordered the trial to proceed.

Where an injunction to stay proceedings at law was issued on the order of a *master* in chancery, and the chancellor, on motion for that purpose, ordered the injunction to be dissolved, and the party immediately entered an *appeal* from that order; it was held that the injunction was not revived by that appeal, so as to operate as a stay of the proceedings at law. Although an injunction operates only on the party, his attorneys, and agents, yet this court will take notice of an existing operative injunction, for the purpose of promoting the ends of justice and preserving harmony between the two courts.

*Van Vechten*, and *Bleecker*, insisted, that the effect of the *appeal* was to suspend the operation of the order for the dissolution, and revive the writ of injunction. It was precisely the same, in effect, as if no such order had ever been made. Under the present rule of the court of chancery, the allowance of a writ of injunction by a master has the same effect as if it had been by the chancellor. Every proceeding in the nature of an appeal suspends the operation of the order or matter appealed from; if so, the injunction stands with the same force and effect as if issued by the chancellor himself.

It may be said, perhaps, that the injunction operates only on the party, his attorney and counsel, and not on the court; but this court will not be governed by such a strict technical notion, and will take notice of injunctions and proceedings of the court of chancery, to prevent any abuse in the administration of justice. Where an execution was delayed after a year and a day, by an injunction, the court of K. B. took notice of that fact.*

* 2 *Burr. Rep.*
660.

*Colden*, for the plaintiff, contended, that the master, in this respect, was the mere officer or instrument of the chancellor, and to allow his order for an injunction to remain in full force, after the order of the chancellor to dissolve it, would be setting the servant above his master. If the plaintiff is wrong in proceeding at law, it is a contempt of the court of chancery, and the defendants may apply to that court for relief; for it is not pretended that the appeal suspends the power of the chancellor to punish for a contempt. The doctrine contended for, on the other side, as to the effect of an appeal, would lead to the greatest abuse.

*Per Curiam.* There was no irregularity in proceeding to trial in this cause, by reason of the injunction heretofore issued by a master. This injunction had been dissolved by the chancellor. Where there is an existing operative injunction, we should think proper, as a general rule, to notice it, for the purpose of promoting the ends of justice, and of preserving harmony between the two courts, although the injunction operates upon the parties only. By the present rules in the court of chancery, certain masters, designated by the chancellor, are authorized to grant injunctions, and which are binding until dis-

solved by him. In this case the injunction had been dissolved, from which order there was an appeal; and it is now urged, that this appeal suspends all proceedings in this court, as much as if the injunction was still in full force. To give such effect to an appeal from an order dissolving an injunction, would be very mischievous in practice, and serve as a great engine of delay. We must consider the case, now in this court, as if no injunction had ever issued. If the parties have committed any contempt, by proceeding, application must be made to the court of chancery to punish such contempt, but that is a matter with which this court has no concern. It is enough for us, that there is no existing injunction. Suppose application had been made, in the first instance, to the chancellor, and he had refused the injunction, an appeal would have lain from such refusal; but such appeal would not tie up the proceedings at law. If an appeal was to have such an operation, applications for injunctions might be perverted to the worst of purposes. The motion to set aside the verdict must, therefore, be denied.