## Case No. 2,833b.

### CLARK v. SHELTON.

[Hempst. 207.] [1]

Superior Court, D. Arkansas.   Jan., 1833.

APPEAL—WHEN LIES—FINAL DECREE.

1. Appeals only lie from final decrees. An appeal from an interlocutory decree dissolving an injunction will not be entertained. Young v. Grundy, 6 Cranch [10 U. S.] 51.

2. Appeals and writs of error at common law adverted to. Act of 1807 (Geyer, Dig. 261), and fifth section of act of congress of 17th April, 1828 (Acts, p. 46), construed.

Appeal from Hempstead circuit court.
[Benjamin Clark against Jesse Shelton.]
Before JOHNSON, ESKRIDGE, and CROSS, Judges.

OPINION OF THE COURT. The object of the motion submitted to the court is, to dismiss the appeal in this cause, upon the ground that no appeal lies from an interlocutory order dissolving an injunction. In England, appeals are allowed from interlocutory orders, as well as from final decrees. 1 Har. Ch. 454. But such appeals do not stay the execution of the order appealed from, nor suspend the proceedings in the court from which the appeal is taken, without a special order granted to that effect. This is the rule in regard to appeals from the rolls to the lord chancellor, as well as to appeals from the chancellor to the house of lords. Warden, etc., of St. Paul's v. Morris, 9 Ves. 316; Gwynn v. Lethbridge, 14 Ves. 585; Willan v. Willan, 16 Ves. 216; Macnaghten v. Boehm, 1 Jac. & W. 48. The analogy is thus preserved to the doctrine at law that a writ of error does not operate as a supersedeas without a special direction for that purpose. Entwistle v Shepherd, 2 Term R. 78; Kempland v. Macauley, 4 Term R. 436. The only check ever imposed to prevent the party from proceeding to enforce the decree is, to require bond and security to repay, in the event of a reversal of the decree.

In the United States a different course of practice has prevailed very extensively, to prevent the inconvenience of having a cause pending in the original and appellate court at the same time. The rule has been adopted that appeals should only be allowed from final decrees, and then the whole cause is considered to be open, and every order subject to revision and correction. In the case of Young v. Grundy, 6 Cranch [10 U. S.] 51, the supreme court of the United States decided that "no appeal or writ of error will lie to an interlocutory decree dissolving an injunction." A similar decision has been made by the court of appeals of Virginia, and the same doctrine is settled in the courts of Kentucky and Tennessee. In New York it was regarded, so late as the year 1823, as an open question, whether an appeal would lie

from an order dissolving an injunction. But it was deemed to be settled that the order must be carried into execution, and could not be suspended by an appeal. Wood v. Dwight, 7 Johns. Ch. 295. By a statute passed at a subsequent period, the right to appeal from an interlocutory decree, under special circumstances, was granted. This statute may be seen. 7 Johns. Ch. 316, note a. With this view of the law, let us proceed to the consideration of the statutes in force here bearing upon the subject.

The first is the act of 1807 (Geyer, Dig. p. 251, § 54), which provides in substance, that if any person shall feel himself aggrieved by any final decision or judgment given in any of the courts in any cause wherein the amount in controversy exceeds one hundred dollars, he may appeal to the superior court, and after such appeal the court below shall not proceed any further in such case. If this provision stood alone, there could be no ground to dispute that no appeal will lie from any other than a final decision. But it is contended in argument, that the 5th section of the act of congress, passed the 17th day of April, 1828 (Acts, p. 46), repealed the clause above referred to. It is our opinion that it does not have such effect. The two laws form part of the same system. They are in pari materia. They do not of necessity conflict with each other, but may and will stand together. The first act is not inconsistent with the last, and, in our opinion, they are both in force. Yet, if the former were repealed by the latter, the consequence to the appellant would be the same, because, but for the provision in the act of 1807, that after an appeal no further proceedings shall be had in the court below, the appellee in this case might have gone on to enforce his judgment at law, notwithstanding the appeal. Warden, etc., of St. Paul's v. Morris, 9 Ves. 316; Hoyt v. Gelston, 13 Johns. 139.

If this were not the case, the evil so forcibly depicted by Lord Eldon would ensue. If a petition to stay proceedings were refused, the party would only have to appeal from that order, thus carry his point, and produce interminable delay. The only protection which the court can extend to the complainant in a bill for injunction when the injunction is dissolved, is to require bond and security from the defendant in equity, to refund the amount, in the event of a different decision upon final hearing. This is consistent with the practice of the English courts. Monkhouse v. Bedford, 17 Ves. 380; Way v. Foy, 18 Ves. 452. And it is in accordance, entirely, with the course pursued in some of the state courts of the Union. In conclusion, we believe that no greater latitude in regard to appeals was intended to be given, by the act of congress referred to, than had previously been given by the act of 1807, and that no repeal of the act of 1807 was intended. We are, therefore, of opinion that no appeal lies from an interlocutory decree

dissolving an injunction, and that this appeal was improvidently granted, and must be dismissed. Dismissed accordingly.