newly discovered evidence. Both counsel also discussed the subject of costs on the merits of the case. The application now before the court does not involve in any way the question whether a case can be opened and heard de novo after a final decision rendered, and at a term subsequent to the term in which the decision is given. The whole matter was still within the control of the court when this motion was made, and it is in consonance with the practice of all courts to hear re-arguments upon new or difficult questions at the instance of parties, or for the court itself to direct them ad libitum until the matter passes into final judgment. It is less usual to allow the privilege of a further argument after the opinion of the court has been pronounced, and for obvious reasons, for if the court had felt serious doubts it would have called for further discussion and the disadvantage of contending against the nature and declared opinion of the court on a point examined, is so palpable as that counsel will rarely be induced to solicit the undertaking. Still there is nothing in principle preventing a reconsideration of the subject by the court, and a modification or change of its opinion, during the term in which the proceedings are had.

The rehearing allowed in this case is not granted because of errors manifest on the face of the decree, nor on account of newly discovered evidence, but to examine under further lights a particular feature in the controversy, and accordingly the whole case is re-opened in so far as any particular in it can be made to bear upon the question of costs. Though costs do not appertain to decree in admiralty courts as necessary incidents ([Canter v. American & Ocean Ins. Co.] 3 Pet. [28 U. S.] 319), yet the usage of those courts unquestionably is, to award costs to the successful party pretty much as a matter of course (Betts, Pr. 123), particularly when the recovery is of a debt or pecuniary demand (1 Hopk. 344). The decision in his favor is accepted as satisfactory evidence that inequitable impediments were placed in the way of his recovering his rights, or demands of an inequitable character were pursued against him, and that accordingly he is entitled to be in part remunerated therefor by the recovery of costs. This is more especially so in respect to decisions on the merits where full contestation of suit has been had between the parties. But common law courts equally with chancery and civil law tribunals, exercise a broad discretion in allowing or denying costs, when the shape of the proceedings brings the court necessarily to weigh all the equities affecting the subject, and the party who substantially prevails will thus often be refused costs. 2 Wend. 631; 5 Wend. 78. And equity or admiralty tribunals, proceeding ex aequo et bono, regard costs as a substantial part of the equity of the case, and grant and withhold them without any necessary dependence upon the decision of the main subject of contestation. [Canter v. American & Ocean Ins. Co.] 3 Pet. [28 U. S.] 319; The Ulpiano [Case No. 14,326]; 1 Johns. Ch. 77; Id. 166; 12 Johns. 500; [Riddle v. Mandeville] 6 Cranch [10 U. S.] 86; 3 Johns. Ch. 69; Id. 147.

## Case No. 4,394.

### ELLIOTT v. NICHOLLS.

## Case No. 4,395.

### ELLIOTT et al. v. PEIRSOLL et al.

[1 McLean, 11.][1]

Circuit Court, D. Kentucky. May Term, 1829.[2]

Mr. Wickliffe, for complainants.
Mr. Haggin, for defendants.

OPINION OF THE COURT. In their bill the complainants represent themselves to be the heirs of Sarah E. Elliott, deceased; who during her coverture was induced by her husband, James Elliott, in the year 1813, to execute a deed for a valuable estate which

[1] [Reported by Hon. John McLean, Circuit Justice.]

[2] [Affirmed in 6 Pet. (31 U. S.) 95. The opinion of the supreme court is cited in Boudereau v. Montgomery, Case No. 1,694; Thompkins v. Thompkins, Id. 14,091; Daviess v. Fairbairn, 3 How. (44 U. S.) 648; Lane v. Dolick, Case No. 8,049; Thompson v. Tolmie, 2 Pet. (27 U. S.) 168; Voorhees v. Jackson, 10 Pet. (35 U. S.) 478; Wilcox v. McConnel, 13 Pet. (38 U. S.) 511; Decatur v. Paulding, 14 Pet. (39 U. S.) 600; Lessee of Grignon v. Astor, 2 How. (43 U. S.) 343; Lessee of Hickey v. Stewart, 3 How. (44 U. S.) 762; Burnham v. Webster, Case No. 2,178; Bank of U. S. v. Moss, 6 How. (47 U. S.) 38; Williamson v. Berry, 8 How. (49 U. S.) 541; U. S. v. Stowell, Case No. 16,409; Beauregard v. New Orleans, 18 How. (59 U. S.) 503; Bell v. Ohio Life & Trust Co., Case No. 1,260; Derby v. Jacques. Id. 3,817; Cook v. Burnley, 11 Wall. (78 U. S.) 669; Amory v. Amory, Case No. 334; Otis v. The Rio Grande. Id. 10,613; Thompson v. Whitman, 18 Wall. (85 U. S.) 467.]