CAPE MAY YACHT CLUB

v.

CAPE MAY YACHT AND COUNTRY CLUB.

[Argued June 17th, 1913. Decided June 30th, 1913.]

1. Under 1 Comp. Stat. 1910 p. 451 § 112, providing that no appeal from a decree granting an injunction shall suspend the injunction without an order of the chancellor or of the court of errors and appeals for that purpose, an injunction, decretal or by writ, is unaffected by an appeal, and a defendant desiring to be relieved from an injunction pending his appeal therefrom must move for that purpose either before the chancellor or in the appellate tribunal.

2. The issuance pending an appeal of an injunction restraining defendant, a yacht club, in the language of the decree which enjoins it from engaging in the enterprise of a yacht club under its corporate title, and from using a pennant so as to mislead the public to the detriment of

complainant's undertaking, will not destroy the subject-matter of the appeal, for defendant may engage in its enterprise as a yachting club without advertising under the name and pennant complained of.

On motion for a writ of injunction pursuant to decree.

*Messrs. McCarter & English,* for the motion.

*Mr. Lewis Starr, contra.*

BACKES, V. C.

The final decree in this case enjoins the defendant from engaging in the enterprise of a yacht club under its corporate title, and from using a certain pennant, the former being so near alike in sound and appearance, and the other in appearance, to the corporate title and pennant of the complainant, as to mislead the public to the detriment of the complainant's undertaking. The decree also directs a writ of injunction restraining the defendant in the language of the decretal injunction. The issuance of the writ was stayed by the filing of a notice of appeal, as provided by rule 150 of this court. Application is now made *non obstante* for the writ. It is resisted on the ground that the enforcement of the writ will destroy the subject-matter of the appeal. This plea is not available on this motion.

Following the broad doctrine laid down in *Pennsylvania Railroad Co.* v. *National Docks Railroad Co., 54 N. J. Eq. (9 Dick.) 647,* which led to much confusion of the bar and occasioned considerable construction by the bench, before it was confined to its proper scope as illustrated by the chancellor in *Ashby* v. *Yetter, 78 N. J. Eq. (8 Buch.) 173,* the legislature, in 1902, defined the status of an injunction pending on appeal and fixed the practice as follows:

"No appeal taken from an order or decree granting an injunction shall suspend or modify the operation of the injunction without an order of the chancellor or of the court of errors and appeals for that purpose, and such suspension or modification shall extend only so far as may be necessary to preserve the subject of the appeal, and shall not in any case be allowed to destroy the right established or protected by the order or decree appealed from." *1 Comp. Stat. p. 451.*

The legislature thus declared that an injunction, decretal or by writ, shall be in full vigor until suspended or modified. The statute proscribes speculation as to its operation, and puts at rest the office of an appeal, and regulates the procedure. Whatever may be the effect of an appeal in other cases, the legislature has restored the salutary policy that an injunction must be implicitly obeyed until reversed, or unless modified or suspended, pending an appeal, in the manner prescribed by the statute. *High. Inj.* § *1416.* This view assimilates with the practice pursued by Vice-Chancellor Bergen in *Johnson* v. *Seabury and Johnson, 61 All. Rep. 563,* and by Chancellor Magie in *Laird* v. *Atlantic Coast Sanitary Co., 73 N. J. Eq. (3 Buch.) 5.* If a defendant under restraint desires to be relieved, pending an appeal, he must move for that purpose, either in this or in the appellate tribunal. No such application has been made in this case. On the contrary, the defendant, as it appeared at the hearing, has disregarded the decree upon the assurance apparently, that under rule 150, a timely appeal suspends the process of injunction as well as the injunctive force of the decree. For this defiance it is amenable to discipline.

The provisions of rules 118 and 150 of this court, that process shall not issue on a final decree within ten days of the filing thereof, and not thereafter, if within the ten days an appeal shall be taken, unless otherwise ordered by this court, or the court of errors and appeals, are concordant with the statutory regulation. These merely give to a defeated litigant opportunity to accommodate himself to the situation created by the decree, and to a review thereof by the appellate court, if he is dissatisfied.

It is objected that the issuing of the writ will destroy the subject-matter of the appeal. This is a misconception. A compliance with its admonitions may have that effect, but the defendant may have relief by pursuing the course herein indicated.

Treating the objection as available at this time, I regard it as being without merit. To prevent the defendant, pending an appeal, from using an identifying title and pennant inhibited by the decree, will not destroy the subject-matter of the appeal. The defendant, as a corporate body, and its enterprise as a yachting club, and its pastimes and pursuits are not interfered with. The

only thing enjoined is, that it shall not advertise under a name and pennant interdicted by the decree. Upon an application for a modification or suspension of the decree, the defendant may possibly be able to submit additional reasons why there should be a stay. A writ will issue. The complainant is entitled to costs.