## JOSEPH RATZER

*v.*

## JOHN RATZER.

1. The court, as a general rule, will not stay the execution of an interlocutory decree pending an appeal, unless its execution will render it impossible to set the appellant right again in case he is successful on the appeal.

2. This court follows the English practice in all cases not provided for by statute, or covered by a rule of practice of its own.

3. An appeal from a decree directing an account to be stated, will not stay the accounting.

4. In considering an application to stay the execution of an interlocutory decree pending an appeal, the court must assume the decree to be right.

On motion to stay the taking of an account pending an appeal from an interlocutory decree.

*Mr. James B. Vredenburgh,* for motion.

*Mr. C. B. Harvey, contra.*

THE VICE-CHANCELLOR.

The defendants, who have appealed from an interlocutory decree directing that an account be stated among certain of the parties as copartners, (1 *Stew.* 136) ask a stay of the account pending their appeal. They say there was no copartnership, thus disputing the main fact on which the decree rests.

Under the rules of this court, nothing short of an order of this court or the court of errors and appeals, will arrest the account. (*Rule* 20.)

Such applications are addressed to the discretion of the court. The rule governing the exercise of this discretion seems to be this: If an execution of the decree, pending the appeal, will make it impossible to set the appellant right

again, in case he is successful on the appeal, then a stay should be ordered; but if a stay is not necessary to preserve his rights, in case he is successful on the appeal, then it should not be granted.  *Schenck* v. *Conover*, 2 *Beas.* 31.

In all matters not covered by statutory regulation, or a definite rule of practice of our own, this court follows the English practice.  *West* v. *Page*, 1 *Stock.* 203 ; *Schenck* v. *Conover*, *supra.*

In *Nerot* v. *Burnand*, 2 *Russ.* 56, Lord Eldon held, that an appeal was no ground for staying an account, adding, generally speaking the court never stays an account.  Mr. Daniell, in his *Treatise on Practice*, says : " The court will never suspend proceedings, under the decree, on the mere ground that if they are prosecuted, the parties will, if the decree is reversed, be put to unnecessary expense.  Thus, it is not the habit of the court to suspend the taking of an account."  2 *Dan. Ch. Pr.* 1470.  Mr. Smith, in his work on *Chancery Practice*, says : " Taking an account will not be stayed pending an appeal."  2 *Smith's Ch. Pr.* 70.

These citations sufficiently illustrate the English practice. The rule seems to be definitely settled that an account will not be stayed pending an appeal.

In dealing with applications of this kind the court must assume its decree to be right.  Judgment is never pronounced until the conscience is satisfied.  As the court assumes the decree to be right until reversed, it is very jealous of staying proceedings, and the bias is always in favor of the party holding the decree.  *Willan* v. *Willan*, 16 *Ves.* 216.  Proceeding on this assumption, the complainant is obviously entitled to have the accounting proceed.  He has a right to have, at once, the benefit of the evidence of the parties ordered to account, and all the means of proof under their control.  The object of the account is merely to ascertain whether or not the defendants owe the complainant, and, if they do, to fix the amount.  They can only be compelled to pay by final decree; an appeal from that within the time limited by the rules will stay process.  If

The application must be denied.