Morton v. Beach.

---

ANNA E. MORTON, appellant,

*v.*

ABBY R. BEACH, respondent.

[Filed September 22d, 1898.]

1. An appeal from a decree directing an account to be taken will not stay the accounting.

2. The decision of this court in *Pennsylvania Railroad Co.* v. *National Docks Railway Co.*, *9 Dick. Ch. Rep. 647*, does not apply to an appeal from a decree directing the taking of an account.

3. A decree in chancery made upon a reading of the pleadings, the evidence of witnesses and the arguments of the respective counsel is "made upon the final hearing and determination of the cause," within the meaning of the one hundred and eleventh section of the Chancery act, and cannot be signed for the chancellor by a master in chancery, under the authority of that statute.

4. The record of the court below is conclusive evidence of all matters that are properly included in it.

Morton v. Beach.

On appeal from a decree in chancery.  (No opinion filed)

*Messrs. Cortlandt & Wayne Parker,* for the appellant.

*Mr. Walter J. Knight* and *Mr. James E. Howell,* for the respondent.

The opinion of the court was delivered by

GARRISON, J.

This appeal brings up a final decree of the court of chancery. The first ground taken by the appellant is that the court of chancery was without power to make this decree, because the accounting upon which it was based was had pending an appeal from the interlocutory decree that directed the taking of the account.   The original bill was filed to foreclose a mortgage. The appellant answered, setting up that at the time she executed the mortgage she was the wife of the person to whom it was made.   Upon this issue an interlocutory decree was entered in favor of the complainant, containing the usual reference to a master to ascertain the amount due upon the mortgage.   From this decree an appeal was taken, pending which the accounting was had before the master.   After the affirmance of the decree by this court, the record was remitted and the decree final made in the court of chancery in accordance with the account that had been taken pending the appeal.   The contention of the appellant is that her appeal from the interlocutory decree suspended the order for an accounting.   It is said that the case of *Pennsylvania Railroad Co.* v. *National Docks Railway Co., 9 Dick. Ch. Rep. 647,* is a precedent for this position.   That case indubitably decided that the mere act of the appellant, in placing before this court the question whether the threatened destruction of its property was justifiable, preserved the property from destruction while the question was under consideration by this court.   The opinion further intimated in no uncertain terms that this must be the effect of every appeal if the preservation of the subject of litigation be necessary to the remedy sought in this court.

Neither this case nor the principle that it illustrates have any application to an appeal from a decree directing the taking of an account where there is no property to be preserved and no destruction to be averted. Apart from the supposed authority of this decision there is nothing in equity practice to countenance the contention.

In the English court of chancery the taking of an appeal was, generally speaking, no ground for staying an account. It is so stated by Lord Eldon, in *Nerot* v. *Burnand, 2 Russ. 56.* Mr. Daniells says : "It is not the habit of the court to suspend the taking of an account." *2 Dan. Ch. Pr. 1470.* "The taking of an account will not be stayed pending an appeal." *2 Sm. Ch. Pr. 70.*

· In *Ratzer* v. *Ratzer, 2 Stew. Eq. 162*, Vice-Chancellor Van Fleet says the complainant is obviously entitled to have the accounting proceed pending an appeal. Upon this branch of the case the appellant must fail.

The decree, however, must be set aside upon the second ground taken by the appellant's counsel, viz., that it is not signed by the chancellor or by anyone authorized to perform that duty for him. The decree in this case is signed, " By the statute. H. C. Pitney, master." The statute referred to is the one hundred and eleventh section of the Chancery act (*Gen. Stat. p. 394*), which empowers the chancellor, in certain contingencies, to authorize a master in chancery to perform, in his stead, the acts therein specified, " not including the final hearing and determination of causes." I have examined the original order of the chancellor and find that, in this respect, it follows the statute *verbatim.* The decree now before us recites that it was made upon the consideration of the arguments of the respective counsel upon the pleadings in the cause and the evidence of witnesses. This describes the " final hearing and determination " of the cause, and as such falls without the statute and the chancellor's order. It was suggested that this record set forth what had not actually taken place, and that this court should ignore such misdescription as formal and take judicial notice of the ordinary course of foreclosure suits where no one has appeared for the

defendant before the master. The proposition is unsupportable. The respondent is bound by the recitals of the decree presented to the master for his signature. The record of the court below is always conclusive evidence of all matters that are properly included in it, and will prevail over incompatible statements appearing *aliunde*. If the record be wrong the remedy is to have it amended.

The case of *Dunkle* v. *Rotholz, 19 Atl. Rep. 260,* seems to be directly in point, and would be if the case as there reported had any existence. In fact, the filing of that opinion in the supreme court was an inadvertence that was discovered by reason of its publication in time to prevent its insertion in the official reports. The views it expressed were, however, adopted by this court when the question was presented in the same case upon a practice motion, the order of the court being that the plaintiff in error have leave to present the *postea* to Mr. Justice Reed, in order that he might, by amendment if proper, make it harmonize with the bill of exceptions, which showed a compulsory nonsuit, the *postea* stating that the plaintiff had been called. This amendment was made and the case finally disposed of upon its merits in *24 Vr. 438.* The principle is, however, well established and constantly illustrated in practice. In the decree now before us there is not even the shadow of a conflict. It is so framed as to be directly, in the face of the limitation, impressed by the statute upon the authority of the master appointed under it. The record, with this decree annulled, will be remitted to the court of chancery in order that a decree be there made.

The appellant is entitled to costs in this court.

*For reversal*—COLLINS, DEPUE, DIXON, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, VAN SYCKEL, ADAMS, BOGERT, HENDRICKSON, KRUEGER, NIXON, VREDENBURGH—14.

*For affirmance*—None.