Frank *v.* Herold.

---

JOSEPH FRANK et al., respondents,

*v.*

CLEMMENS HEROLD et al., appellants.

[Filed March 20th, 1902.]

On application for a rehearing of an appeal from a decree advised by Vice-Chancellor Pitney.

*Mr. James G. Blauvelt,* for the applicants.

*Mr. John W. Harding, contra.*

PER CURIAM.

The appellants were adjudged guilty of a contempt, and were fined and sentenced to imprisonment for a period of sixty days, by the court of chancery, for willfully violating a restraining order of that court. The appeal was dismissed, upon the ground that the proceedings were punitive in their character, taken solely for the purpose of vindicating the authority and dignity of the court, and were, consequently, not reviewable.

A rehearing of the matter is now asked for, because, as it is said, the court of chancery was without power to make the order appealed from, so far as it sentences the appellants to a term of imprisonment. This contention of the appellants is rested upon section 103 of the Chancery act (*Gen. Stat. p. 392*), which enacts:

"That to enforce obedience to the process, rules and orders of the court of chancery, where any person shall be in contempt according to the law, practice or course of the said court, he shall for every such contempt, and before he be released or discharged from the same, pay to the clerk in chancery, for the use of this state, a sum not exceeding fifty dollars, as a fine for the said contempt; and the said person being in court, upon process of contempt or otherwise, shall stand committed and remain in close custody until the said process, rule or order shall be obeyed and performed, and until the fine so imposed for such contempt, with the costs, be fully paid."

This provision was enacted by the legislature June 13th, 1799 (*Pat. L. of 1799 p. 434*), and has ever since been upon the statute-book.

The argument is that, by this legislation, the power which theretofore rested in the court of chancery of punishing for contumacious conduct, with respect to its authority or dignity, had been abridged, and that the only punishment which, since that enactment, the court has had power to inflict for such contempts is a fine of $50.

Whether or not, prior to the adoption of the constitution of 1844, the powers of the court of chancery were subject to be abridged by the authority of the legislature, it is not necessary, for the purpose of this case, to decide. *Ackerman* v. *Taylor, 3 Halst. 306; S. C., 4 Halst. 69,* are authorities in favor of the

existence of such power in the legislature. Assuming the power to have existed, we do not think the statute has the scope contended for by counsel for the appellants. The proceeding for contempt is of two kinds—*first,* purely for the purpose of punishing the contemnor, and *second,* as a method of affording relief *inter partes. Dodd* v. *Una, 13 Stew. Eq. 714.* The first clause of the statute declares that the purpose of its enactment is *"to enforce obedience* to the process, rules and orders of the court," or, in other words, to regulate the procedure when pursued as a method of affording relief *inter partes.* This declaratory statement excludes the idea that it was the legislative intent, by this enactment, to curtail or interfere in any way with the power, which had theretofore inhered in the court, of punishing contemptuous conduct in its presence, or with respect to its authority or dignity. The last clause of the statute, which provides that a person committed for contempt shall "remain in close custody until the said process, rule or order shall be obeyed and performed," makes it manifest that the legislation is limited, in its application, to proceedings of the second kind only, and does not embrace those which are purely punitive in character.

The application for a rehearing should be denied.