WILLIAM H. LAIRD et al.

*v.*

ATLANTIC COAST SANITARY COMPANY OF LONG BRANCH.

[Argued September 17th, 1907.    Decided October 8th, 1907.]

1. The provisions of section 112 of the Chancery act of 1902 do not repeal or modify the effect of Rules 118 and 150, which forbid the issue of process of injunction upon a final decree until after the expiration of ten days from the filing of the decree.

2. During said ten days no process of injunction on a final decree can issue except on an order of the court.

3. After appeal taken from such a decree no process of injunction can issue except on an order of the court.

4. On application for an order directing such process to issue, if it appears on the face of the proceedings, or is otherwise made to appear, that such process would destroy the subject-matter of the litigation and leave nothing but an abstract question to be passed upon by the court of errors and appeals, the order should be refused.

5. If, after any such order directing the issue of such process, the defendant conceives that it would have the effect above mentioned, he may apply for an order to suspend or modify the operation of the process, under section 112 of the Chancery act of 1902.

On motion to vacate order.

A final decree for an injunction was filed in the above cause on August 3d, 1907.

On August 12th, 1907, an injunction was sealed and issued from the clerk's office. No direction or order for the writ had been made, either under Rule 118 or Rule 150. On August 12th, 1907, a notice of appeal from the decree was filed, of which due notice was afterward given to defendant.

It having been represented to the court that the writ of injunction had been inadvertently issued (being issued before the expiration of ten days from the filing of the decree), an order was made on August 22d, 1907, vacating and setting aside the writ.

*Mr. Frederick Parker,* for the motion.

*Mr. Thomas P. Fay, contra.*

MAGIE, CHANCELLOR.

The motion now made is in the alternative. It applies (1) for an order either to vacate or modify the order of August 22d, 1907, vacating the injunction issued on August 12th, 1907, or (2) to direct that an injunction now issue *according* to the decree.

Unless the contention of complainants' counsel as to the effect

of the legislation contained in section 112 of the Chancery act (*Acts 1902 p. 546 c. 158*) is well founded, the order of August 22d ought not to be disturbed. The writ of injunction was issued in violation of Rules 118 and 150. The complainants ought not to gain any advantage because the clerk's office inadvertently sealed and issued the writ.

The contention for the complainants is that the legislation above referred to has repealed or modified Rules 118 and 150, so that an injunction directed by a decree may be sealed and issued before the expiration of ten days from the filing of the decree and without any order or direction of the court.

I am unable to agree with that view of the scope and effect of the legislation in question. By its terms it does not apply to the issuing of writs of injunction, but only to the effect to be given to an appeal taken from a decree or a writ issued thereon. It would be applicable to an injunction issued by the order of the court during the ten days' period provided for by the rules, or to one issued after the expiration of the period. It provides that an appeal shall not suspend or modify the operation of an injunction without the order of this court or the court of errors and appeals, and prescribes that such suspension shall extend only so far as is necessary to preserve the subject-matter of the appeal.

As the rules in question remain unaffected by the legislation referred to, the writ of injunction was improperly issued on August 12th and its vacation will not be set aside.

It remains to consider the other part of the application.

The practice with respect to issuing process on a final decree after an appeal has been filed, has been well recognized in this court, and is laid down by that distinguished equity judge, Chancellor Green, in *Schenck* v. *Conover, 13 N. J. Eq. (2 Beas.) 31.* The rule is that after an appeal is taken, no such process can issue until after the order of the court.

Counsel for defendant insists that the power of the chancellor to direct the issue of process of injunction upon a decree for that purpose, after the filing of an appeal, has been declared to be improper by the court of errors and appeals in *Pennsylvania Railroad Co.* v. *National Docks Railway Co., 54 N. J. Eq. (9*

*Dick.*) *647.* Such a view of the decision in that case frequently has been indicated by the bar. It has been conceived that the decision indicated that the filing of an appeal deprived this court of the power of proceeding with the case before it, and even where the appeal has been taken from some interlocutory order or decree. In my judgment, there are no expressions in the opinion delivered by Chief-Justice Beasley, speaking for the court of errors and appeals, that ever justified such an inference, and I think that the court has expressly repudiated such a construction in *Morton* v. *Beach, 56 N. J. Eq. (11 Dick.) 791,* where the taking of an account directed by an order of the court which had been appealed from, was held not to be erroneous, and a decree made upon the report upon the accounting was declared to be unimpeachable.

At the same time, there are expressions in that opinion which seem to be broader than were required by the case presented. The case presented to the court related to a decree which required the Pennsylvania railroad to remove certain cars which were impediments to the building of the tunnel which this court had found that the National Docks company had a right to build, and also restraining it from interfering with the National Docks company in the construction of the tunnel. The railroad disregarded the mandatory part of the decree and practically the restraining part also. Thereupon this court found the railroad company guilty of contempt and was about to enforce obedience to its decree. It was quite obvious that if the railroad company should have been compelled to immediately obey the decree, the effect of the appeal would have been nullified, for the tunnel would have been constructed before the appeal could have been brought to hearing and a determination thereon could have been reached. This result was deemed by the court of errors and appeals to be erroneous in view of the constitutional attributes and functions of the court as a court of review of the judgments and decrees of the court of chancery. In this view a large majority of the court concurred, and as one of the judges who then sat, I have never been able to perceive how any other result could have been reached without destroying the appellate jurisdiction of that court in this class of cases.

But it was never intended to extend the action in that case beyond the class of cases then presented, viz., where the decree of this court, or the process issued thereon, would, if not affected by the appeal, absolutely destroy the subject-matter of the litigation and leave nothing except an abstraction to be passed upon by the reviewing court. This, I am sure, was the view of the judges who took part in that decision, and if there are expressions in the opinion of the learned chief-justice which can properly be deemed of broader import, I think they would not have met the views of the majority taking part in the decision. At all events, they were not called for by the case presented or the determination arrived at.

Since that time, I apprehend that this court is limited in its issuing of process upon a decree appealed from to this extent. It ought not to direct the issuing of such process if it appears to it that the effect would be to substantially destroy the subject-matter of the litigation and prevent the effectiveness of an appeal, and if it should issue the writ where such clearly appears to be the effect, it would be reversible error, and an attempt to enforce the process so issued and having such effect, by proceedings for contempt, would also be reversible error.

Applying the doctrine of that case as I understand it, I see no reason why the issuing of a process of injunction to enforce this decree will destroy the subject-matter of the litigation between the parties. The decree is upon a bill filed to abate a nuisance affecting the persons and property of the complainants. It does not direct the destruction of the building from which the noxious and injurious odors come, which are held to cause the nuisance, nor does it direct the cessation of the use of the plant for the cremation of garbage used by the defendant company. All that it does is to enjoin that company from using the plant so as to produce a nuisance. This only states a proposition which must be recognized as declaring the liability of the defendant.

The decree has been made upon the advice of an advisory master. *Prima facie,* it justifies and requires the issuing of process to enforce it, unless it is made to appear that enforcing the decree pending the appeal will fall within the National Docks

case as I have interpreted it. There is nothing produced on the part of the defendant to indicate such a result. That in directing the issue of the writ under these circumstances I am following the correct practice, I think may be considered to be intimated by the legislative mandate contained in section 112 of the Chancery act. By that section the appeal is not to suspend the operation of the decree if the enforcement of the decree will not destroy the subject-matter of the suit. But if that is shown to be the case, in whole or in part, the injunction may be either suspended or modified for that purpose.

I shall therefore direct the issue of this process, and if the defendant company conceives that its effect will be to destroy, in whole or in any substantial part, the subject-matter of the appeal, it may apply, upon notice, for a suspension or modification.