# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

### ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

MARCH TERM, 1916.

———— ▬ ————

MARY J. ROBINSON, complainant-respondent,

*v.*

SAMUEL D. ROBINSON, defendant-appellant.

[Decided October 10th, 1914.]

·1. Every ·installment of permanent alimony paid by·a husband to his wife under a final decree therefor in the court of chancery. would be in execution of the decree *pro tanto*, the result being that any such payment, pending appeal, would be an impairment of the subject of the appeal to that extent or degree, and also an invasion of the appellant's right to have his property preserved and not diminished during the contest in this court; and to protection from this he is entitled. The course which, as thus indicated, is required for the preservation of the rights of the appellant, is even more fundamentally required in order. that·the·jurisdiction of the appellate court may not be destroyed or impaired.

165

2. This court has the power to award alimony pending an appeal—that is, alimony *pendente lite*. That jurisdiction is firmly established. But, an application to enforce a final decree for permanent alimony, pending an appeal, is not an application for alimony *pendente lite*, which may be awarded here, or the parties remitted to the court of chancery to make application there.

On motion for an order permitting the court of chancery to enforce its decree pending appeal.

*Mr. Eli H. Chandler*, for the motion.

*Mr. Ulysses G. Styron, contra.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.

This is a suit for maintenance. The defence was that the parties are not husband and wife. That issue was decided adversely to the defendant in the court below, and has been brought to this court for review. The final decree establishes the marital status of the parties and directs the defendant to pay to the complainant, as his wife, $5 per week for her support and maintenance. The defendant appealed from the decree in chancery and refuses to make the weekly payments as ordered. Application was made to the court of chancery by the complainant for an order to commit the defendant for contempt for his refusal to obey the decree. On the return of an order to show cause in that court it was established that the defendant was able to make the payments ordered, but that he resisted doing so upon the ground that his appeal operated to stay the execution of the decree. The court of chancery declined to adjudge the defendant in contempt in the absence of an order of this court permitting that court to enforce its decree pending appeal.

Counsel for defendant-appellant, the applicant here, relies upon *Ashby* v. *Yetter, 78 N. J. Eq. 173*, and contends that upon the authority of that case the court of chancery has the power to enforce its decree, especially so by leave of this court, pending the determination of the appeal. We think that counsel has

misconceived the scope of the decision in *Ashby* v. *Yetter*. One of the rules concerning proceedings in the court of chancery pending an appeal to this court, is thus stated by the vice-chancellor in that case at *p. 188* (which is incorporated in the first syllabus at *p. 173*) :

"Pending an appeal from an order or decree of the court of chancery, application may be made either to the court of errors and appeals or to the court of chancery for leave to execute the order or decree of the chancery court so far forth as may be necessary for the protection and preservation of the subject of the appeal, and such an order will be made when the exigencies of the situation call for it; but no order will be made that would destroy or impair the subject of the appeal."

This case is one for alimony, and alimony can be granted only where the parties to the suit occupy toward each other the position of husband and wife. The marital status of these litigants was established by the chancery decree, and an award of alimony was made. The right of the complainant to compel the defendant to support her is the subject of this litigation.

In *Pennsylvania Railroad Co.* v. *National Docks Railway Co., 54 N. J. Eq. 647*, it was held that—

"The effect of filing an appeal to this court is to prevent the decree in the court of chancery from destroying or impairing the subject of the appeal, or being in any degree used for that purpose."

It will be seen at a glance that *Ashby* v. *Yetter* is not out of harmony with this doctrine of the *National Docks Case*. The orders made by this court in the two cases of *Lawton* v. *Beddell* and *Gorman* v. *Hinkle,* copied into the vice-chancellor's opinion in *Ashby* v. *Yetter,* were orders permitting the decree in chancery in each case to be enforced pending appeal, for the protection and preservation of the subject of the appeal, but not permitting the avails of the litigation, or any part thereof, to be turned over to the party who held the decree.

Now, as the payment of permanent alimony is the subject of the decree of the court below in this case, every installment of that alimony paid by the husband to the wife would be in execution of the decree *pro tanto,* the result being, that any such pay-

ment, pending appeal, would be an impairment of the subject of the appeal to that extent or degree, and also an invasion of defendant-appellant's right to have his property preserved and not diminished during the contest in this court. To protection from this, under the *National Docks Case,* and also *Ashby v. Yetter,* we think he is entitled. The course which, as thus indicated, is required for the preservation of the rights of the defendant-appellant, is even more fundamentally required, in order that the jurisdiction of the appellate court may not be destroyed or impaired.

We do not wish to be understood as holding that this court has not the power to award alimony pending an appeal—that is, alimony *pendente lite.* That jurisdiction is firmly established, and the instances in which it is exercised are numerous. But, as this is not an application for such alimony, we have not taken into consideration the question whether the applicant is entitled to an allowance of that kind here or ought to be remitted to the court of chancery to make application there, the question not being before us.

These views necessarily lead to the denial of the pending motion.