HENRY W. BULL et al., respondents,

*v.*

INTERNATIONAL POWER COMPANY, appellant.

[Argued June 22d, 1915.   Decided October 15th, 1915.]

On appeal from an order of the court of chancery made by the chancellor, whose opinion is reported *ante p. 5.*

*Messrs. Bleakly & Stockwell* and *Mr. Gilbert Collins,* for the appellant.

*Mr. Joseph L. Bodine* (*Messrs. Satterlee, Canfield & Stone,* of New York, on the brief), for the respondents.

PER CURIAM.

This appeal was taken from an order of the court of chancery directing the receiver appointed in the cause to take possession of the assets of the defendant corporation, and to proceed with the work of winding up its affairs, notwithstanding the appeal taken by the defendants from the final decree in the cause adjudging it to be insolvent, and appointing the receiver. We consider the order made by the chancellor to be a proper exercise of his judicial power, and for the reasons which were stated by him orally at the close of the argument made on the application of the complainants for such order, and which reasons were as follows:   "I am prepared to decide this application now.   I

think this is a case in which, with propriety, the application for the enforcement of the decree pending the appeal may be, and should be, granted. The bill and answers and the affidavits on the final hearing on the application for adjudication of insolvency, and the appointment of a receiver, clearly showed that this defendant company had flouted a writ of *mandamus* issued out of the supreme court, commanding the company to exhibit its books to the complainants, or certain of them; and also an order of the supreme court afterwards made to bring those books into the state and leave them with the Corporation Trust Company, its registered agent in this state, so that they might be inspected by the complainants, or some of them.

"It appears, now, fairly, I think, on these motion papers that the same sort of opposition to, or rebellion against, the authority of this court has been attempted, in keeping from the receiver the possession of books and assets and documents of the company at a time when no appeal was pending from the court's decree adjudging insolvency and appointing the receiver.

"The defendant is a holding company; it simply has possession of securities which, under the preliminary injunction still in force, it has not the power and is not at liberty to sell, encumber, or otherwise dispose of. An appeal has been taken from the decree. That appeal cannot be heard until next March, and in the usual course would, doubtless, not be decided until next June. If the decree of this court should be affirmed, and in the meantime the receiver's hands should be tied, he would have no opportunity to pursue this company for the possession of its assets until some time next summer. I cannot see any impropriety whatever in putting him, so far as the court can put him, in the possession of this company's property, these securities, pending this appeal; and if, on its determination, the decree should be reversed, the receiver, by a single act, in a few hours could restore to the company the possession of its property which, in his possession in the meantime, would be safeguarded and not invaded. So, that, I think this is, as I have said, pre-eminently a case where with propriety a decree may be, and I think should be, in all the circumstances, enforced, pending the appeal."

The order appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, MINTURN, KALISCH, BLACK, TAYLOR, HEPPENHEIMER—10.

*For reversal*—None.