The complainants, owners of property at Lake Hopatcong used exclusively for private dwelling purposes, filed their bill against the defendants, owners and occupants of adjoining property, alleging that the defendants were maintaining and operating an inn, boarding house or hotel on such adjoining property, contrary to restrictions contained in deeds under which the complainants and the defendants, respectively, hold title, and praying that the defendants be enjoined from continuing to use their property for the purpose aforesaid. After final hearing a decree was entered June 28th, 1926, ordering that an injunction issue, restraining the defendants from using, permitting or suffering their property to be used for the purpose of an inn, boarding house or hotel, or for any business purpose whatever, and from using, permitting or suffering said property to be used for any purpose other than as a private dwelling, with its necessary boat houses and out-buildings. On July 1st, 1926, notice of appeal from this decree to the court of errors and appeals was filed in this court, and on July 6th, 1926, on application under chancery rule 160, made ex parte on behalf of the complainants, an order advised by me was entered ordering that a writ of injunction issue on the decree, notwithstanding the pending appeal, whereupon the writ issued July 9th, 1926, was duly served on the defendants. Thereafter, the defendants, on notice to the complainants, applied to me to vacate and dismiss the order of July 6th, 1926, and for an order staying the writ, which motion was, by order filed July 12th, 1926, denied. The defendants ignored the terms of the injunction by continuing to conduct or operate an inn, boarding house or hotel on their property throughout the months of July, August and part of September, 1926, and the matter is now before me on orders to show cause why the defendants should not be adjudged in contempt of this court.
The defendants do not deny having disobeyed the terms of the injunction, but their counsel contend that they ought not be adjudged contemnors because the filing of the appeal suspended the operation of the decree until the court of *Page 125 
errors and appeals shall have decided the appeal, and that the order of July 6th, 1926, that an injunction issue and the order of July 12th, 1926, refusing to stay the writ, were improvidently entered. After a careful study of the rules of this court, the statutes and the authorities, I conclude that this contention is a sufficient answer to the orders to show cause.
As to the effect of an appeal from an injunctive decree of this court on the operation of the decree, the leading case isPennsylvania Railroad Co. v. National Docks, c., Co., 54 N.J. Eq. 647.
In that case the appellant, after having been decreed and enjoined by the court of chancery from interfering with the respondent crossing the appellant's tracks, had taken an appeal to the court of errors and appeals, and pending the appeal had refused to permit the crossing. On application to the court of chancery, the appellant was adjudged in contempt for disobedience of the decree, and on appeal from the contempt order the appellate court held that the court of chancery has no power, either through long adopted practice or under its rules, to exercise a discretion whether its decree shall or shall not be executed during the pendency of an appeal from such decree, because such function would be inconsistent with the paramount cognizance over the subject given to the appellate court by the constitution, and the decision of the court of errors and appeals continues: "The opinion of this court is that the decree in question lost for the time all its force, and that the appellant could not fall into contempt by resisting its execution. It is likewise the opinion of this court that an appeal in all cases will have that effect given to it which shall be necessary to preserve the subject to which the appellate procedure relates, in such a condition as will enable this court to render an efficacious decree in the premises. That for this purpose an injunction decree will be suspended or continued, or a previous injunction revived, by the act of filing an appeal, whenever such construction shall be necessary for the end just stated."
Six years after this pronouncement, the legislature passed an act (Comp. Stat. p. 451 § 112) providing that "no appeal *Page 126 
taken from an order or decree granting an injunction shall suspend or modify the operation of the injunction without an order of the chancellor or the court of errors and appeals for that purpose, and such suspension or modification shall extend only so far as may be necessary to preserve the subject of the appeal and shall not in any case be allowed to destroy the right of appeal."
The opinion of the court of errors and appeals in the NationalDocks Case has been discussed in the light of this statute, and the apparently wide scope of the decision has been limited in subsequently reported cases, but it is still authority for the proposition, which should be applied to the instant case, that an injunction should not issue, or, if allowed, should not be continued in force, pending an appeal from a decree awarding the writ, if the enforcement of the writ will destroy or impair the subject of the appeal. Laird v. Atlantic Coast Co., 73 N.J. Eq. 5; Ashby v. Yetter, 78 N.J. Eq. 173; Robinson v.Robinson, 86 N.J. Eq. 165; Bijur Motor Co. v. InternationalAssociation, c., 92 N.J. Eq. 183.
Would the injunction in this case, if enforced, have such effect? The defendants had altered the buildings on their land to adapt them for summer hotel or boarding house purposes, and they had put them to such use prior to the filing of complainants' bill. The right of the defendants to occupy and use their land and buildings for private dwelling purposes is not questioned, and the subject-matter of the suit and of the appeal is whether they have the further right, not only after the appeal is determined but at the present time, to conduct thereon the business in which they were engaged at and prior to the filing of the bill. It now seems to me that to prevent them from continuing their business from the time the final decree herein was entered to the time the appellate court hands down its decision, would force them to suffer impairment or diminution of their rights, if the appellate court should determine that the final decree was erroneous, because they would lose not only last summer's business but they would also sustain such future loss as would probably result from their patrons finding satisfactory *Page 127 
accommodations elsewhere. If the defendants were operating an "all-the-year-around" boarding house or hotel, the impairment of the rights involved in their appeal through a restraint, until the court of errors and appeals has spoken, would be clearer, but the fact that theirs is a summer enterprise makes the difference but of degree. I, therefore, conclude that the enforcement of the restraint would affect the subject of appeal and render a decision thereon in the defendant's favor partly inoperative.
Counsel for the complainants urges that Cape May Yacht Club
v. Cape May Yacht and Country Club, 82 N.J. Eq. 204, is a precedent for the enforcement of this injunction. In that case the final decree of the court of chancery enjoined the defendant from engaging in the enterprise of a yacht club under its corporate title, and from using a certain pennant. On motion on behalf of the complainant, an injunction was ordered to issue forthwith, notwithstanding that an appeal from the decree had been taken promptly, because the learned vice-chancellor found that the restraint would not impair the subject-matter of the appeal, in that the defendant could continue its enterprise and its pastimes and pursuits as a yacht club without advertising under the name and pennant complained of. In the instant case the defendants' enterprise is operating a boarding house or hotel, and the complainants' attack is directed against this enterprise; therefore, the right to maintain their business now, as well as in the future, is involved in the subject-matter of the appeal, and if the restraint were to be enforced pending the appeal, they would be forced to abandon the right for which they contend, at least, temporarily.
Counsel for the complainants further urges, on the authority ofRoseberg v. American Hotel Co., 95 N.J. Eq. 640, that because the writ had issued and had not been modified or suspended on defendants' application, the defendants are in contempt for disobeying its terms, regardless of whether the writ was properly issued or its stay properly refused. In the Roseberg Case the defendant, who had been restrained until final hearing from interfering with the complainant's *Page 128 
possession of a certain store, took an appeal from the restraining order of the court of chancery, and without applying for a modification or suspension of the order did attempt to interfere with the complainant's possession. The defendant thus utterly disregarded the court's order and took it into its own hands to destroy or impair the subject-matter of the appeal. The court of chancery adjudged it in contempt, and on appeal the appellate court said, on the facts there present, that so long as the restraining order remained unmodified or unreversed, it was binding on the defendant, and that its violation was contempt. In the instant case the defendants did apply for a stay of the writ, and I now think I should have granted their motion.
If I were now to attempt to enforce the injunction in this case by holding the defendants in contempt, I feel I would be doing them a grave injustice, and that I would be guilty of reversible error. I shall discharge the orders to show cause issued against them.