On November 25th, 1941, a decree was made in this cause pursuant to the prayer of the bill, assuming jurisdiction of the administration of the trust therein mentioned and obliging the defendant, as testamentary trustee, to file within *Page 86 
twenty days thereafter, its account in this court. The decree also contains the usual incidental directions concerning the auditing of the account by the designated master and the filing of exceptions.
On December 18th, 1941, more than ten days after the filing of the decree, the defendant filed a notice of appeal. It is acknowledged that the defendant has ignored the mandate of the decree, evidently with the supposition that the mere initiation of the appeal operated to suspend the execution of the decree.
No application to stay the precept of the decree has been made either to this court or to the Court of Errors and Appeals. The complainant now seeks an order adjudging the defendant guilty of contempt for its disobedience of the decree. The present application is, of course, of a coercive character, primarily designed to prevent the defendant from employing alleged dilatory expedients. As such it is a civil contempt as contrasted with a criminal contempt. The object is to obtain relief inter partes
rather than vindication of the authority of this court. Staley
v. South Jersey Realty Co., *83 N.J. Eq. 300; 90 Atl. Rep. 1042;Dorrian v. Davis, 105 N.J. Eq. 147; 147 Atl. Rep. 338; Dodd v.Una, *40 N.J. Eq. 672; 5 Atl. Rep. 155; Frank v. Herold, *64 N.J. Eq. 371; 51 Atl. Rep. 774; Township of Haddon v. Loeffler,2 N.J. Mis. R. 643; 17 C.J.S. § 5.
The decree is intrinsically a final decree in relation to the issue of jurisdiction and undoubtedly subject to appeal.Rutherford v. Alyea, *54 N.J. Eq. 411; 34 Atl. Rep. 1078;Filley v. VanDyke, *75 N.J. Eq. 571; 72 Atl. Rep. 943.
It is conceived, however, that such a decree is based upon the exercise of judicial discretion, and this court will assume that the decree is just and proper until it is either modified or reversed. Brown v. Fidelity Union Trust Co., *128 N.J. Eq. 197; 15 Atl. Rep. 2d 788; Filley v. VanDyke, supra; Bird
v. Hawkins, 58 N.J. Eq. 229; 42 Atl. Rep. 588; Ratzer v.Ratzer, 29 N.J. Eq. 162; Duke v. Duke, 70 N.J. Eq. 149;62 Atl. Rep. 471.
True, the substance of a right of appeal should not be demolished and thus render the ultimate decision of the *Page 87 
appellate tribunal purely hypothetical. Nevertheless, it must be realized that the prosecution of an appeal does not of itself arrest the enforcement of every order or decree regardless of its essence.
The general subject relative to the supersedence of an appeal is discussed in the following reported cases: Ratzer v.Ratzer, supra; Pennsylvania Railroad Co. v. National Docks,c., Railway Co., *54 N.J. Eq. 647; 35 Atl. Rep. 433; Delaware,Lackawanna and Western Railroad Co. v. Breckenridge, 55 N.J. Eq. 159; 35 Atl. Rep. 821; Morton v. Beach, *56 N.J. Eq. 791;41 Atl. Rep. 214; State Mutual Building and Loan Association v.O'Callaghan, 67 N.J. Eq. 103; 57 Atl. Rep. 496; Strong v.Smith, *68 N.J. Eq. 686; 60 Atl. Rep. 66; Laird v. AtlanticCoast Sanitary Co., 73 N.J. Eq. 5; 67 Atl. Rep. 849; Van Houten
v. Hall, 66 Atl. Rep. 1085; Ashby v. Yetter, 78 N.J. Eq. 173;78 Atl. Rep. 799; Lawton v. Bedell, 71 Atl. Rep. 490;Chesapeake and Ohio Railway Co. v. Swayze, *60 N.J. Eq. 417;47 Atl. Rep. 28; Bull v. International Power Co., 85 N.J. Eq. 5;affirmed, *85 N.J. Eq. 204; 96 Atl. Rep. 364; Robinson v.Robinson, *86 N.J. Eq. 165; 92 Atl. Rep. 94; Roseberg v.American Hotel and Garden Co., *95 N.J. Eq. 640;123 Atl Rep. 717; Schuster v. Ventnor Gardens, Inc., 102 N.J. Eq. 357;140 Atl. Rep. 783; Schreiber v. Drosness, 100 N.J. Eq. 123;134 Atl. Rep. 901; Helbig v. Phillips, *109 N.J. Eq. 546;158 Atl. Rep. 441; Beatty v. Wunschel, 122 N.J. Eq. 286;193 Atl. Rep. 799; Duke v. Duke, supra.
Entertaining a motion to stay the taking of an account pending an appeal, the learned Vice-Chancellor stated in Ratzer v.Ratzer, supra:
"In dealing with applications of this kind the court must assume its decree to be right. Judgment is never pronounced until the conscience is satisfied. As the court assumes the decree to be right until reversed, it is very jealous of staying proceedings, and the bias is always in favor of the party holding the decree. Willan v. Willan, 16 Ves. 216. Proceeding on this assumption, the complainant is obviously entitled to have the accounting proceed. He has a right to have, at once, the benefit of the evidence of the parties ordered to *Page 88 
account, and all the means of proof under their control. The object of the account is merely to ascertain whether or not the defendants owe the complainant, and, if they do, to fix the amount. They can only be compelled to pay by final decree; an appeal from that within the time limited by the rules will stay process. If the present decree is reversed, the extent of the injury to the defendants will be the costs incurred in taking the account. That is too slight, in my judgment, to justify the court in depriving the complainant of the present benefit of his decree."
In Morton v. Beach, supra, Mr. Justice Garrison, expressing the view of the Court of Errors and Appeals, declared:
"The contention of the appellant is that her appeal from the interlocutory decree suspended the order for an accounting. It is said that the case of Pennsylvania Railroad Co. v. NationalDocks Railway Co., 9 Dick. Ch. Rep. 647, is a precedent for this position. That case indubitably decided that the mere act of the appellant, in placing before this court the question whether the threatened destruction of its property was justifiable, preserved the property from destruction while the question was under consideration by this court. The opinion further intimated in no uncertain terms that this must be the effect of every appeal if the preservation of the subject of litigation be necessary to the remedy sought in this court. Neither this case nor the principle that it illustrates have any application to an appeal from a decree directing the taking of an account where there is no property to be preserved and no destruction to be averted. Apart from the supposed authority of this decision there is nothing in equity practice to countenance the contention.
"In the English Court of Chancery the taking of an appeal was, generally speaking, no ground for staying an account. It is so stated by Lord Eldon, in Nerot v. Burnand, 2 Russ. 56. Mr. Daniells says: `It is not the habit of the court to suspend the taking of an account.' 2 Dan. Ch. Pr. 1470. `The taking of an account will not be stayed pending an appeal.' 2 Sm. Ch. Pr.70."
In Ashby v. Yetter, supra, Chancellor Walker (then Vice-Chancellor) in reviewing the cases pertinent to the general subject, commented: *Page 89 
"Now, as we have seen, an appeal from a decree directing an accounting will not stay the accounting pending the appeal (Morton v. Beach, ubi supra), and therefore the accounting may be proceeded with pending this appeal; but, of course, the reconveyance of the property, real and personal, ordered, may not be made, because if it were, the avails of the litigation would be at once placed in the possession of the complainant, and could be disposed of or consumed by him, and thus would that particular subject of the litigation be destroyed, pending the appeal, and leave nothing except an abstract question to be passed upon by the court of last resort."
In Helbig v. Phillips, supra, Mr. Justice Parker remarked:
"An examination of the report in Morton v. Beach will show that we merely held that an order for the taking of an account was no substantial interference with the subject-matter and that an appeal would not stay the accounting."
In Beatty v. Wunschel, supra, Vice-Chancellor Bigelow succinctly stated the basic principle and observed that an appeal does not stay proceedings under an interlocutory decree for an account.
The decisions to which reference has been made are not precisely determinative of the point projected by the present motion, but they exhibit the conviction that ordinarily the mere filing of an account does not destroy any substantial right of the accountant.
The propensity of this court is to do that which in the existing circumstances is equitable and just. The defendant is admittedly a testamentary trustee. It neglected during a period of more than ten years to file any account. The life beneficiary of the trust died on the 26th day of February, 1941, and the complainants as remaindermen are entitled to the corpus of the trust. It is said that after the institution of this cause and before the making of the decree now on appeal the defendant, as such trustee, filed an account in the Orphans Court of Camden County. This act of the defendant does not in anywise encumber the jurisdiction of this court, but it tends to reveal the facility of filing an account in this court as directed by the decree. The notice of appeal was not *Page 90 
filed within the period specified in rule 162. There seems to be no equitable reason why the accounting in this court as required by the decree should not advance, pending the appeal, by the filing of the account, the auditing thereof by the master and the filing of exceptions, if any, thereto. At that juncture, the defendant may then, if desirable, apply to this court for an order suspending further proceedings in this court until the determination of the subject-matter of the appeal.
The conclusion is that the submission of the defendant to the decree to the end that the account may be filed, audited and the exceptions thereto, if any, ascertained, will not significantly jeopardize or impair the subject-matter of the appeal. Hence, the appeal did not achieve a suspension of the execution of the decree. In the absence of an order to stay the enforcement of the decree, the failure of the defendant to account is an infraction of the decree. Accordingly, upon presentation by counsel, an order will be advised adjudging the defendant guilty of contempt unless, in discharge thereof, the defendant files in this court its account as such trustee within twenty days after the entry of such order and submits its account for examination and auditing as directed by the former decree. *Page 91