733 A.2d 1103

**In re EMILEIGH F.**

**No. 8, Sept. Term, 1999.**

Court of Appeals of Maryland.

July 29, 1999.

Nancy S. Forster, Assistant Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for appellant.

C.J. Messerschmidt, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General of Maryland, and Judith L. Fitzgerald, Assistant Attorney General, on brief), Baltimore, for appellee.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, RAKER, WILNER, CATHELL, and ROBERT L. KARWACKI, (Retired, Specially Assigned), JJ.

RAKER, Judge.

We must decide in this appeal whether the District Court of Maryland in Montgomery County, sitting as the juvenile court, erred in closing the Child in Need of Assistance case thereby

terminating its jurisdiction over Emileigh F. while an appeal was pending in the Court of Appeals. We shall reverse the judgment of the District Court and hold that such action was inconsistent with the matter raised in the pending appeal and was prohibited.

## Background

In April, 1996, pursuant to MD.CODE ANN., CTS. & JUD. PROC. § 3–801(e)(2) (1974, 1998 Repl.Vol.) [1], the juvenile court adjudicated Emileigh F. a Child in Need of Assistance (hereinafter CINA). The court committed her to the care of the Department of Health and Human Services (hereinafter DHHS) and placed her in the custody of her maternal grandmother. In June, 1997, after an evidentiary hearing, the juvenile court ordered that custody of Emileigh F. be given to her father. Her mother, Danielle W., noted a timely appeal to the Court of Special Appeals. Danielle W.'s primary complaint on appeal was that the juvenile court improperly denied her the right to present closing argument. In an unreported opinion, that court affirmed. On June 30, 1998, this Court granted Danielle W.'s petition for a writ of certiorari. In re Emileigh F., 350 Md. 279, 711 A.2d 871 (1998).

While the case was pending before this Court, DHHS filed in the juvenile court a Motion for Order of Recission and Termination of juvenile court jurisdiction. On October 28, 1998, the juvenile court held a hearing on the motion. Danielle W. reiterated her desire for custody of Emileigh and objected to the closure of the case. She raised with the court the ramifications of the pending appeal:

---

1. Maryland Code (1974, 1998 Repl.Vol.) § 3–801(e)(2) of the Courts and Judicial Proceedings Article defines a Child in Need of Assistance as a child who requires the assistance of the court because:

   The child's parents, guardian, or custodian are unable or unwilling to give proper care and attention to the child and the child's problems provided, however, a child shall not be deemed to be in need of assistance for the sole reason that the child is being furnished nonmedical remedial care and treatment recognized by State Law.

I think we can't close the case anyway right now, Your Honor, because we do have cert. granted in the Court of Appeals, and we're waiting to hear if in fact the custody's going to stand. My client still believes that her daughter should be with her and she, she hasn't given up on that yet, Your Honor.

The juvenile court found that Emileigh no longer fit the definition of a CINA because her father

is willing and able, and has proven since he's had custody of Emileigh, since August of 1997, we're now talking about a year and three months later, and there are absolutely no issues.

The Department has no concerns, the Department of New Jersey, which supervised when he originally got custody of her, had no concerns and closed their case last May.

*So, I see absolutely no reason to keep this case open, under the jurisdiction of the Court. So, I will close it, Emileigh will remain in Mr. F's care and custody,* and I hope she'll have a long and happy life and that everyone's able to work out things.

In accordance with the oral ruling, the court entered an order that Emileigh is no longer a CINA, that the supervision by DHHS be rescinded, that Emileigh be continued in the care, custody and guardianship of her father, and that the proceedings in the juvenile court be closed. Danielle W. noted a timely appeal, contending that the juvenile court had erred in terminating its jurisdiction over Emileigh F. while an appeal was pending before this Court.

On February 18, 1999, this Court, without knowledge that the juvenile court had terminated its jurisdiction,[2] decided the issue in the pending appeal, holding that the juvenile court abused its discretion when it denied Danielle W. the opportunity for closing argument in the July 1997 CINA proceeding.

---

2. No one advised this Court of the action taken on October 28, 1998 by the District Court closing the case and terminating that court's jurisdiction.

*In re Emileigh F.*, 353 Md. 30, 724 A.2d 639 (1999). On March 10, 1999, we granted certiorari on our own motion to consider the issue raised in Danielle W.'s appeal of the juvenile court's order terminating jurisdiction—whether the juvenile court erred in terminating its jurisdiction over Emileigh F. while an appeal was pending in the Court of Appeals.

## Discussion

■ Before this Court, Danielle W. argues that the juvenile court improperly closed the case and terminated its jurisdiction over Emileigh in light of the fact that the question of custody and the fairness of the proceeding determining custody was pending in an appellate court. The juvenile court was well aware that the validity of the custody order was pending in this Court, and that should Danielle W. prevail, a new hearing would be required. The State argues that the trial court retains jurisdiction over a case, notwithstanding the pendency of an appeal, unless its proceedings have been stayed. The State concedes, however, that were this Court to remand the matter, the juvenile court would be required to reopen its case to reconsider custody. Misreading the record, the State maintains that such an action is not now necessary because Danielle W. no longer seeks custody.

We shall quickly dispose of the State's suggestion that Danielle W. does not want custody of Emileigh. The State's claim is wrong——the record clearly reflects that she wants custody of her daughter.

■ To be sure, the State is correct that the juvenile court had fundamental jurisdiction, *i.e.*, the power residing in a court to determine judicially a given action, or question presented to it for a decision, over the subject matter of the proceedings. *See Pulley v. State*, 287 Md. 406, 415–416, 412 A.2d 1244, 1249–1250 (1980). We are not here talking about the concept of fundamental jurisdiction, but rather the propriety of the exercise of that jurisdiction. After an appeal is filed, a trial court may not act to frustrate the actions of an appellate court. Post-appeal orders which affect the subject

matter of the appeal are prohibited. *See State v. Peterson,* 315 Md. 73, 553 A.2d 672 (1989); *Dent v. Simmons,* 61 Md.App. 122, 485 A.2d 270 (1985). In this regard, Judge Eldridge, writing for the Court in *Peterson* stated:

> This Court has consistently taken the view that, when an appeal is taken, the trial court may continue to act with reference to matters not relating to the subject matter of, or matters not affecting, the appellate proceeding. . . .

315 Md. at 80, 553 A.2d at 676. *See also Cook v. Boehl,* 188 Md. 581, 53 A.2d 555 (1947); *Jones v. Jones,* 41 Md. 354 (1875); J. LYNCH, JR. & R. BOURNE, MODERN MARYLAND CIVIL PROCEDURE § 11.4 (1993) (noting that trial court may entertain matters not related to the order or judgment which has been appealed). We further noted that, in the circumstances presented in *Peterson* where a writ of certiorari had been granted, "a trial court ordinarily should not proceed with a hearing . . . thereby mooting an issue before an appellate court." 315 Md. at 82, n. 3, 553 A.2d at 677, n. 3; *see also Ditmars v. Camden Trust Co.,* 131 N.J. Eq. 85, 24 A.2d 213, 214 (N.J.Ch.1942) (noting that "the substance of a right of appeal should not be demolished and thus render the ultimate decision of the appellate tribunal purely hypothetical").

Many of our sister courts have adopted a similar rule. *See, e.g., In re Carpenter,* 9 Cal.4th 634, 38 Cal.Rptr.2d 665, 889 P.2d 985 (1995) (holding that trial court does not have power to interfere with appellate jurisdiction); *Bradenton Group Inc. v. Dep't of Legal Affairs,* 701 So.2d 1170, 1180 (Fla.Dist. Ct.App.1997) (holding that trial court is "prohibited only from acting in any manner with respect to its appealed order as might frustrate the efforts of the appellate court or render moot its labors"); *Kelly Inn No. 102, Inc. v. Kapnison,* 113 N.M. 231, 824 P.2d 1033 (1992) (holding that pending appeal does not divest trial court of jurisdiction to take further action when action does not affect judgment on appeal); *Pegan v. Crawmer,* 76 Ohio St.3d 97, 666 N.E.2d 1091, 1096 (1996) (holding that when a case has been appealed, trial court retains all jurisdiction not inconsistent with reviewing court's jurisdiction to reverse, modify or affirm judgment).

In the instant case, the action taken by the juvenile court addressed matters that were clearly involved in the pending appeal. The court's action in closing the CINA case and thereby terminating that court's jurisdiction, if permitted, would in essence defeat the right of Danielle W. to prosecute her appeal with effect. We hold that the juvenile court's actions were inconsistent with the pending appeal and were prohibited. Accordingly, the juvenile court shall vacate the judgment closing the CINA proceedings, conduct a review hearing, and determine anew as of the time of the hearing the placement for the care and custody of Emileigh F.

*JUDGMENT VACATED. CASE REMANDED TO THE DISTRICT COURT OF MARYLAND IN MONTGOMERY COUNTY, SITTING AS THE JUVENILE COURT, FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS TO BE PAID BY MONTGOMERY COUNTY.*